UNITIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

APR 11 2022 PM 12:20
FILED-USDC-CT-HARTFORD

**CIVIL RIGHTS COMPLAINT**

**John Alan Sakon**

**v.**

Case No. 3:22-cv-528 (AWT)

**Hon. Tammy Nguyen-Odowd**
**Judge Hartford Superior Court Family**

## A. PARTIES

1. The plaintiff John Alan Sakon (hereinafter "Sakon" or "plaintiff" or "pro se defendant") is a citizen of the State of Connecticut who resides at 28 Fenwick Drive, Farmington, Connecticut 06032.

2. The defendant Honorable Tammy Nguyen-Odowd is a citizen of the State of Connecticut, is employed as a Judge of the Superior Court of the State of Connecticut, and has a work address of the Hartford Superior Court – Family Division, 90 Washington Street, Hartford, Connecticut 06106.

    a. At the time this complaint arose, it is claimed that the defendant discriminated against the plaintiff while acting under the color of state law as a trial judge in the Custodial Hearing known as Sakon v. Sakon; HHD-FA-16-4083622-S.

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983.

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3).

3. Jurisdiction is also invoked pursuant to the American with Disabilities Act 28 CFR 35.130(a).

## C. NATURE OF THE CASE

The plaintiff was granted an ADA Medical Accommodation in Custody Proceedings held in the Hartford Family Court by its Presiding Judge (Hon. Leo Diana) to wit:

> ***"the remaining days of trial shall continue in half day morning sessions."***

Subsequently, when the plaintiff (defendant in the State Case) refused to attend full day trials, the trial judge Hon. Nguyen-Odowd (herein defendant) retaliated against the plaintiff by issuing the following order in violation of his ADA Medical Accommodation:

> ***"The defendant did not return to trial after the lunch recess at 2 pm. The defendant's case is concluded. He has failed to present his testimony and evidence as set forth in the court's scheduling order."***
>
> ***"All of the defendant's pending motions for contempt before this court are DENIED with prejudice for failure to prosecute."***
>
> ***"The defendant's pending motions to disqualify are DENIED with prejudice for failure to prosecute."***

At the time of this ruling, the defendant Nguyen-Odowd also allowed 70 Motions for Contempt for violations of the visitation orders of the court to accrue over a period of three years and did not hear said matters in a timely manner thereby further violating the civil rights of the plaintiff and failing to protect the plaintiff from irreparable harm in loss of consortium with his child.

## D. CAUSE OF THE ACTION

1. **Claim I**

    a. The plaintiff John Alan Sakon was the "pro se defendant" in a Custodial Hearing for the minor child Odin William Sakon known as Sakon v. Sakon; HHD-FA-16-4083622-S held in the Hartford Superior Court Family Division at 90 Washington Street, Hartford, CT 06106.

    b. This custody matter was assigned to the Honorable Tammy Nguyen-Odowd in December of 2019. The matter was continued by Judge Nguyen-Odowd to December of 2020 when pretrial motions where heard. The matter was further continued by Judge Nguyen-Odowd to May 2021 upon request of opposing counsel and then to June of 2021 and then further continued to December of 2021 when opposing

    counsel rested its case. The opposing party in the State Action was represented by no less than three different attorneys from the same law firm at a cost of $400,000 during the trial. Sakon, the 67-year old disabled pro se defendant, was then ordered by Judge Nguyen-Odowd to proceed to his case for the custody of his son in marathon full-day sessions in December of 2021.

c. Sakon suffered a medical event from the stress of the marathon all-day proceedings in December of 2021.

d. On 12/8/2021, after motion and presentation of medical documentation at a hearing, the Hartford Family court Presiding Judge (Hon. Leo Diana) ordered an American with Disabilities Act ("ADA") Medical Accommodation for John Sakon as follows:

***"the remaining days of trial shall continue in half day morning sessions."***

See Exhibit A attached hereto.

e. Subsequently, the defendant trial Judge Nguyen-Odowd ignored the order of the Presiding Judge as to the ADA Medical Accommodation and coercively ordered Sakon to attend multiple all-day sessions on 2/14/2022; 2/16/2022 and

4

02/18/2022 (*against* the documented medical advice of Sakon's physicians) or to conclude his case.

f. On February 14th, 2022, Sakon advised the defendant trial Judge Nguyen-Odowd in the PM that he did not feel well enough to proceed in the all-day afternoon session, but was ordered to do so by Judge Nguyen-Odowd or to conclude his case. Given no choice, the Sakon proceeded in the PM with a diminished capacity.

g. On February 16th, 2022, in the PM, Sakon advised the court that his Blood Pressure measured 175/105 and that he did not feel will enough to proceed in the afternoon session and had a diminished capacity. However the defendant trial Judge Nguyen-Odowd ordered Sakon to proceed in the all-day afternoon session or to conclude his case. Given no choice, the Sakon proceeded in the PM with a diminished capacity.

h. On the morning of February 18th, 2022, Sakon checked himself into the Priority Urgent Care of Unionville, Connecticut and said clinic reported an EKG test of Sakon had abnormal results and recommended Sakon take

immediately rest and consult his cardiologist. The EKG report was presented into evidence before the defendant Judge Nguyen-Odowd at 10 AM and an oral motion for continence was requested.

i. Despite the submission of the documentation of the EKG test and written medical advice of the attending Urgent Care Physician, and the written medical advice of Sakon's cardiologist and the violation of standing order of an ADA accommodation of half-day trials by the defendant which was the probable cause of the medical incident, the defendant Judge Nguyen-Odowd ordered Sakon to proceed to the all-day trial on 02/18/2022 or to conclude his case.

j. Upon the written medical advice of his cardiologist, Sakon went home at 10.30 AM on 02/18/2022. Later that day, upon medical advice, Sakon was admitted to the UConn Health Center Emergency Room for Observation.

k. Subsequently, despite documented evidence of two adverse medical events and documented medical advice of Sakon's physicians recommending only half day trials, the defendant

    Judge Nguyen-Odowd then ordered all day trials on 3/9/2022 and 03/15/2022.

l. Sakon attended the morning session on 3/9/2022 and asked the defendant trial judge to abide by the order of the court for the Medical Accommodation to limit future hearings to half-day morning sessions. Judge Nguyen-Odowd ignored the medical advice and ignored the Medical Accommodation and ordered Sakon to appear at 2 PM or conclude his case. Upon medical advice and relying upon his civil rights of the granted ADA medical accommodation, Sakon did not attend the afternoon session.

m. Sakon attended the morning session on 3/15/2022 and asked the defendant trial judge to abide by the order of the court for the Medical Accommodation to limit hearings to half-day morning sessions. Judge Nguyen-Odowd ignored the medical advice and ignored the Medical Accommodation and ordered Sakon to appear at 2 PM or conclude his case. Upon medical advice and relying upon his civil rights of the granted ADA medical accommodation, Sakon did not attend the afternoon session.

n. When Sakon sought to exercise his ADA rights, the defendant trial judge ordered further all-day proceedings in violation of Sakon's ADA Accommodation.

o. When Sakon exercised his civil rights by only attending half-day hearings pursuant to the Accommodation, the defendant trial judge retaliated against Sakon and issued the following order (Attached hereto as Exhibit B):

*"The defendant did not return to trial after the lunch recess at 2 pm. The defendant's case is concluded. He has failed to present his testimony and evidence as set forth in the court's scheduling order."*

*"All of the defendant's pending motions for contempt before this court are DENIED with prejudice for failure to prosecute."*

*"The defendant's pending motions to disqualify are DENIED with prejudice for failure to prosecute."*

*The parties shall file proposed findings of facts to the court by April 14, 2022. The proposed findings shall not exceed 20 double spaced pages. And reference to the exhibits shall be identified by number and/or letter."*

p. The defendant has discriminated against Sakon on the basis of a disability and superseded her own judgment over the advice of medical professionals and superseded her own judgment over the orders for an ADA Accommodation by the Presiding Judge of the Hartford Family court.

8

    q. The defendant violated the rights of the plaintiff under the color of law.

2. **Claim II**

    a. Paragraphs a–b of the First Claim are hereby made paragraphs a-b of this the Second Claim.

    c. From December 2019 to the present time, the defendant Judge Nguyen-Odowd allowed 70 Motions for Contempt for violations of the visitation orders of the court to accumulate and the defendant refused to hear said matters in a timely manner violating the due process rights of the plaintiff, discriminating against the plaintiff in violation of the Fifth Amendment of the Connecticut Constitution as a result of sex and causing the plaintiff irreparable harm in loss of consortium with his child.

    d. The defendant violated the rights of the plaintiff, refused the protection of the law to the plaintiff, and did so under the color of law.

## E. REQUEST FOR RELIEF

The defendant trial Judge (Hon. Nguyen-Odowd) discriminated against and retaliated against the plaintiff Sakon when he sought to exercise his civil rights under the ADA Accommodation. The trial judge then superseded her own judgment over the advice of medical professionals and superseded her own judgment over the orders of ADA Accommodation of the Presiding Judge of the Hartford Family court.  The defendant trial judge discriminated against the Sakon's due process rights and constitutional protections by refusing to hear 70 Motions for Contempt for violation of the court's orders from 2018 to the present time causing irreparable harm to the plaintiff.

The plaintiff seeks:

1. A cease and desist order for violations of the American with Disabilities Act;

2. A cease and desist order for the violation of the plaintiff's due process rights at the Custodial Hearing;

3. A cease and desist order for the unnecessary delay in hearing the pending 70 Motions for Contempt which have caused irreparable harm to the plaintiff and harmed his due process rights;

10

4. Money damages for emotional and physical distress caused by the civil rights violations suffered by the plaintiff.

## F. JURY DEMAND

The defendant does not wish to claim jury trial.

Respectfully Submitted,

BY: *John Alan Sakon*
John Alan Sakon, Pro Se Plaintiff
28 Fenwick Drive
Farmington, CT 06040
860-793-1000
johnsakon@yahoo.com

### DECARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, the he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. 1621.

Executed at Hartford, Connecticut on ___4/11/2022___ (date).

BY: *John Alan Sakon*
John Alan Sakon, Pro Se Plaintiff